UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMONA CHAIZ,

    Plaintiff,

v.                                                                 Case No: 8:13-cv-2423-T-36TBM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# **ORDER**

THIS CAUSE comes before the Court on Plaintiff's Petition for Attorneys' Fees (Doc. 29), filed on December 17, 2014.  Plaintiff certifies that the Commissioner has no objection to the fees requested.  An Order was entered on September 17, 2014, reversing and remanding the decision of the Commissioner pursuant to 42 U.S.C. §405(g) of the Social Security Act (Doc. 27).  For the reasons that follow, Plaintiff is entitled to an award of attorneys' fees.

**A. Entitlement to Fees and Expenses**

In order for Plaintiff to be granted an award of fees under the Equal Access to Justice Act (EAJA), the following five conditions must be established:  (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).  The Court finds that all conditions for the EAJA fees have been satisfied and the Commissioner does not otherwise object to Plaintiff's establishment of any of the above conditions.

### B. Calculation of Reasonable Attorney Fees:

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Plaintiff seeks an award of $3,503.44 in attorney fees for 19.40 hours of work in 2013 and 2014 (at a rate of $180.59 an hour).

### (1) Hourly Rate:

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests attorney fees at an hourly rate of $180.59. The Court finds the hourly rates are reasonable in light of the Consumer Price Index (CPI) and consistent with the prevailing market rate.

### (2) Reasonable Number of Hours:

Plaintiff's counsel has submitted time sheets that include an itemization of legal services performed. Counsel spent a total of 19.40 hours of work on Plaintiff's case. After reviewing the

description of the services provided, the Court concludes that the time is reasonable and properly compensable. Accordingly, it is hereby:

**ORDERED AND ADJUDGED that:**

1. Plaintiff's Petition for Attorneys' Fees (Doc. 29) is **GRANTED**.

2. Attorneys' fees in the amount of **$3,503.44** shall be awarded for the work performed by Michael A. Steinberg and Associates under the Equal Access to Justice Act, 28 U.S.C. § 2142(d). In light of Plaintiff's EAJA assignment (Doc. 29-3), and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

3. The Clerk shall enter a Judgment As to Attorneys' Fees awarding Attorney fees in the amount of **$3,503.44** under the Equal Access to Justice Act, 28 U.S.C. § 2142(d).

**DONE AND ORDERED** in Tampa, Florida on January 12, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any